UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOMAS T. ANDRES,

    Petitioner,

v.                                                 CASE NO. 1:06-CV-849

KENNETH McKEE,                     HON. ROBERT HOLMES BELL

    Respondent.
_____/

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a habeas corpus petition filed by Petitioner Tomas T. Andres pursuant to 28 U.S.C. § 2254. (Dkt. No. 1.) On January 11, 2010, Magistrate Judge Ellen S. Carmody issued a Report and Recommendation ("R&R"), recommending that this Court deny the petition. (Dkt. No. 25.) After this Court granted Petitioner's motion for an extension of time to respond to the R&R, Petitioner filed objections on February 16, 2010. (Dkt. No. 30.) This Court must review de novo those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Petitioner objects to the Magistrate's determinations that: (1) evidence of, and prosecutorial references to, a polygraph examination during his trial did not violate his constitutional rights; and (2) a rational trier of fact could have determined that sufficient evidence existed to convict Petitioner.

## 1. Evidence of and References to a Polygraph Examination

*A. The evidentiary testimony*

Petitioner objects to the admission of evidence pertaining to a polygraph examination he had taken. On direct examination, Sergeant Benjamin Escalante indicated that Petitioner had taken a "test" and later referred to Petitioner as an "examinee." (Dkt. No. 16, 03/14/2005 Trial Tr. 91 ("test"), 92 ("examinee").) Petitioner's motion and accompanying brief can be read to argue that the introduction of this evidence resulted in two violations of federal law: (1) a violation of Petitioner's Fourteenth Amendment due process right to a fundamentally fair trial, and (2) a violation of Petitioner's Fifth Amendment right against self-incrimination. (Dkt. No. 9, Pet'r Br. in Supp. of Mot. 15, 16.)

To the extent Petitioner claims that evidence of his polygraph examination was introduced in violation of Petitioner's Fourteenth Amendment due process right to a fundamentally fair trial, the Court agrees with the Magistrate Judge's determination that the claim must be denied. Under Michigan state evidentiary law, reference to a polygraph examination is normally inadmissible at trial. *People v. Nash*, 625 N.W.2d 87, 91 (Mich. Ct. App. 2000). However, even if it was erroneous,[1] "errors in application of state law, especially with regard to the admissibility of evidence, are usually not cognizable in federal habeas corpus." *Walker v. Engle*, 703 F.2d 959, 962 (6th Cir. 1983). Nevertheless, the

---

[1] Though a reference to a polygraph examination is normally inadmissable at trial under Michigan law, it will not likely require a mistrial or reversal if it is "brief, inadvertent and isolated." *People v. Rocha*, 312 N.W.2d 657, 661 (Mich. Ct. App. 1981). The references involved here appear to fall within this category of harmless error.

Supreme Court has held that evidence that is admitted in violation of state law may be cognizable in a habeas proceeding as a violation of the Fourteenth Amendment due process right to a fundamentally fair trial if the error "had a substantial and injurious effect or influence in determining the jury's verdict" and if the Petitioner suffered "actual prejudice." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also Broom v. Mitchell*, 441 F.3d 392, 406 (6th Cir. 2006); *Clemmons v. Sowders*, 34 F.3d 352, 357-58 (6th Cir. 1993).

Neither Sergeant Escalante's reference to "the test" nor his reference to Petitioner as an "examinee" substantially and injuriously influenced the jury's verdict or prejudiced Petitioner. The trial judge determined that these references caused "no taint whatsoever to this jury," and opined that the jurors did not even appear to have noticed the significance of the references. (Dkt. No. 16, 03/14/2005 Trial Tr. 94.) As the Magistrate Judge notes, this conclusion is entirely plausible in light of the fact that the witness made no mention of a "polygraph" or "lie-detector," and there is no reason to assume that the jury would have associated the terms "test" and "examinee"[2] with a polygraph test and not some other "test" that might have been conducted throughout the course of a criminal sexual conduct investigation. Finally, the weight and the substance of the other evidence used against Petitioner, such as Petitioner's confession to having sex with the victim, indicate that the fleeting references to a "test" and an "examinee" could not possibly have "had a substantial and injurious effect or influence in determining the jury's verdict." *Brecht*, 507 U.S. at 637.

---

[2]The term "examinee" is of particularly low consequence. The term "examinee" could be used to describe even the subject of an interview.

Petitioner also argues that evidence of his polygraph examination violated his Fifth Amendment right against self-incrimination/right to remain silent. Petitioner has not cited, nor has the Court discovered, any "clearly established" Supreme Court precedent to support this argument. 28 U.S.C. § 2254(d)(1). Accordingly, this claim must also fail.

*B. The prosecutorial reference*

Petitioner also objects to a partial reference to the polygraph made by the prosecutor during direct examination of one of the prosecution's witnesses as a violation of Petitioner's Fourteenth Amendment due process right to a fair trial. During the direct examination of a witness, the prosecutor began a question by saying, "going back to the poly – excuse me, the interview." (Dkt. No. 17, 03/15/2005 Trial Tr. 80.) Statements by the prosecutor are not evidence, and so the above standard does not apply. However, in determining whether a statement by the prosecutor during a trial in state court violated federal law, the inquiry is again whether the statement "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). In making this determination, the Sixth Circuit has suggested that the Court consider: (1) the likelihood that the remarks would mislead the jury or prejudice the accused; (2) whether the remarks were isolated or extensive; (3) whether the remarks were deliberately or accidentally presented to the jury; and (4) whether the other evidence against the defendant was substantial. *Gillard v. Mitchell*, 445 F.3d 883, 897 (6th Cir. 2006).

All of the above considerations suggest that the prosecutor's partial reference to the polygraph test did not "so infect[] the trial with unfairness as to make the resulting conviction a denial of due process." *Darden*, 477 U.S. at 181. Not only did the remark probably not prejudice Petitioner, as noted by the trial court it was unlikely that the jurors even noticed it; the prosecutor said only the first half of the word, "poly," before he caught his mistake and corrected himself. The remark was an isolated occurrence. There is no evidence that the remark was intentional; as mentioned, the prosecutor corrected himself before he even said the entire word. Finally, the other evidence against Petitioner, including Petitioner's confession and testimony of the victim, was substantial.

Petitioner also argues that reference to his polygraph examination violated his Fifth Amendment right against self-incrimination/right to remain silent. Petitioner has not cited, nor has the Court discovered, any "clearly established" Supreme Court precedent to support this argument. 28 U.S.C. § 2254(d)(1). Accordingly, this claim must also fail.

## 2. The Sufficiency of the Evidence

Second, Petitioner argues that he is entitled to habeas relief because the evidence introduced against him at trial was insufficient to support his conviction, and thus his conviction was obtained in violation of his Fourteenth Amendment right to due process. The Supreme Court has held that a due process violation results and a defendant is entitled to habeas relief "if it is found that upon the record evidence adduced at trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979).

Petitioner asks this Court to determine that the testimony of the victim, Neva Phillips, is not credible and that no rational trier of fact could have convicted Petitioner in light of the inconsistencies in Ms. Phillips' testimony. It is well established that, in addressing sufficiency of the evidence questions, the Court does not assess the credibility of witnesses. *United States v. Ferguson*, 23 F.3d 135, 140 (6th Cir. 1994). Furthermore, "a federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume-even if it does not affirmatively appear in the record-that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Jackson*, 442 U.S. at 326. The Magistrate Judge extensively discussed the trial testimony offered against Petitioner and concluded that it was sufficient to support his conviction. (Dkt. No. 25, at 2-5, 15.) The Court agrees that, based on the evidence, a reasonable trier of fact could have found the essential elements of the crimes for which Petitioner was convicted beyond a reasonable doubt.

### 3. Certificate of Appealability

A district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court determined that the showing required to satisfy § 2253(c) is whether "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. The Sixth Circuit has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the Court must "engage in a reasoned

assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack*. *Id.* Upon review, the Court has determined that Petitioner cannot make the showing required under *Slack* as to any of his claims for relief.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections to the Magistrate's Report and Recommendation (Dkt. No. 30) are **DENIED**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's report and recommendation (Dkt. No. 25) is **APPROVED** and, combined with the discussion set forth herein, **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's motion under 28 U.S.C. § 2254 (Dkt. No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

Dated: February 26, 2010                 /s/ Robert Holmes Bell
                                                         ROBERT HOLMES BELL
                                                         UNITED STATES DISTRICT JUDGE